## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**JAMES EUGENE MORLEY**,

Debtor.

Case No.  **12-60383-7**

## MEMORANDUM OF DECISION

At Butte in said District this 11th day of February, 2013.

Still pending in this Chapter 7 case is the Trustee Darcy M. Crum's Objection, filed October 18, 2012 (Docket No. 28) to Debtor's claim of exemption in the sum $2,516.13 in accounts receivable that the Debtor collected post-petition and claimed exempt under Montana's earnings exemption statute, MONT. CODE ANN. ("MCA") § 25-13-614, on the grounds the Debtor is self-employed, citing *In re Gamman*, 20 Mont. B.R. 35 Bankr. D. Mont. 2002). Debtor, represented by attorney Steven M. Johnson of Church, Harris Johnson & Williams, P.C., filed a response in opposition asserting that the Debtor receives earnings from only one person, so the funds are earnings exempt under MCA § 25-13-614, citing *In re Hester*, 16 Mont. B.R. 104 (Bankr. D. Mont. 1997).  The parties agreed to file stipulated facts and briefs, which have been filed and reviewed by the Court together with applicable law.  This matter is ready for decision.  For the reasons set forth below, the Trustee's Objection will be sustained and Debtor's exemption disallowed.

This Court has jurisdiction of the above-captioned Chapter 7 case under 28 U.S.C. §

1

1334(a).  The Trustee's Objection to Debtor's claim of exemption is  as related to the above-
captioned bankruptcy case.  Allowance or disallowance of exemptions from property of the estate
is a core proceeding under 28 U.S.C. § 157(b)(2)(B) & (2)(O).  This Memorandum includes the
Court's findings of fact and conclusions of law.

**FACTS**

The parties filed a Stipulation of Facts and Exhibits setting forth the following stipulated
facts:

1.  The Debtor filed his Chapter 7 petition in this case on March 20, 2012;

2.  Schedule I lists Debtor's current income, consisting [sic] of $3,900.00
from operation of his business.  This is the amount of income attributable to the
month of March, 2012, and at all times relevant to the Trustee's Objections and to
the Debtor's Response to the Trustee's Objection, derived from work that the
Debtor provided solely for one entity, Morrison Oilfield Service, that for fixed
compensation of $3,900 per month, the Debtor, would service and repair gas wells
owned by Morrison Oilfield Service each month;

3.  Schedule J lists $748.00 for expenses from operation of a business;

4.  Debtor's Statement of Financial Affairs, #18, stated the Debtor's
business as JEM Construction, a sole proprietorship, and that it operated from
1977 to the present;

5.  JEM engaged in the business of oil and gas contract pumping;

6.  Debtor's 2008, 2009, 2010, and 2011 federal tax returns list business
income and contain a Schedule C "profit and loss from business".  The parties
stipulate to the admission of these tax returns.

7.  Parties stipulate that the bills sent to Morrison Oilfield Service, filed at
Doc. #11, are admitted.  The January bill is #6419 dated 2/2/2012; the February
bill is #6420 dated 3/2/2012, and the March bill is #6421 dated 4/1/2012;

8.  The Debtor had no customers other than Morrison Oilfield Service, and
did not contract for, provide, or bill for services to any person or entity other than
Morrison Oilfield Service during any prepetition period relevant to the Trustee's

2

Objections;

     9.  The parties agree that portion of the Trustee's Objections which objects to duplicative "tools of the trade exemptions" by the Debtor has been resolved by the Debtor's Amendment of Schedules B and C filed November 26, 2012 (Dkt. No. 30), whereby the debtor withdrew a[n] inadvertent duplication of the tools of the trade exemption and an inadvertent, erroneous duplication in scheduling of tools of the Debtor in Schedule B.

## DISCUSSION

The Trustee acknowledges that she has the burden of proof to rebut the presumption that an exemption is presumptively valid. *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). She argues that she has met her burden because the Debtor is self-employed and on the petition date he had an account receivable owed to his business JEM Construction in the amount of $3,900, which he collected after the petition date. Citing *Gamman*, and cases cited therein, the Trustee argues that the Debtor is self-employed, not an employee, and does not have an employer even though he is paid by only one client. She argues that Debtor's tax returns claim business income, not wages, and she distinguishes *Hester* because that case involved a signed publishing contract, while the Debtor does not have a written contract of employment. The Trustee requests that the exemption be denied and the entire $3,900 account receivable be determined non-exempt property of the estate.

The Debtor contends that his monthly compensation from the sole client is clearly distinguishable from business accounts receivable, and is indistinguishable from fixed wages or a set salary from a sole long-time employer, and that the $3,900 are wages exempt under MCA § 25-13-614. Debtor argues that the definition of earnings in 15 U.S.C. § 1672 applies to MCA § 25-13-614, and that his $3,900 is payable for personal service. Debtor argues that his earnings

cannot remotely be characterized as accounts receivable, but rather "is akin to a paycheck and wages for personal services," and that straining the facts to characterize his earnings as "accounts receivable" in order to bring them under the *Gammon* decision "is akin to Cinderella's sisters straining to slide into Cinderella's slippers.  That's simply not a good fit."

This Court's decision in *Gamman* controls the instant contested matter.  This Court reasoned as follows:

> Section 522(b)(2)(A) allows a debtor to exempt from property of the estate property that is exempt under federal, state or local exemption law "that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition."  It is well established that exemptions are determined as of the petition date.  *In re Reaves*, 256 B.R. 306, 311 (9th Cir. BAP 2000); *In re Smith*, 14 Mont. B.R. 218, 224 (Bankr. Mont. 1995).

> Pursuant to 11 U.S.C. § 522(b)(2)(A), Montana has opted out of the federal exemption scheme by means of Mont. Code Ann. § 31-2-106[1].  *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr. Montana 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 340 (Bankr. Mont. 1998).  Thus, this Court looks to Montana state law to determine the allowance of the Debtors' earnings exemption.  *In re Schmitz*, 16 Mont. B.R. at 515; *In re Loeb*, 12 Mont. B.R. 524, 527 (Bankr. Mont. 1993).  However, the state law in question, § 25-13-614, applies the definition of earnings and disposable earnings found in the federal statute, 15 U.S.C. § 1672.

Section 25-13-614 provides:

> **25-13-614. Earnings of judgment debtor.** (1) Earnings of a judgment debtor that are not subject to garnishment as provided in this section are exempt.
> (2) Except as provided in subsections (3) and (4), the maximum part of the aggregate disposable earnings of a judgment debtor for any workweek that is subjected to

---

[1]Section 31-2-106 provides in pertinent part: "Exempt Property – bankruptcy proceeding: An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d).  An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6".

garnishment may not exceed the lesser of:
>(a) the amount by which his disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable; or
>(b) 25% of his disposable earnings for that week.

* * * *

(5) For the purposes of this section, the definitions of earnings, disposable earnings, and garnishment are as set forth in 15 U.S.C. 1672.

Turning then to the federal statute, 15 U.S.C. § 1672 defines earnings and disposable earnings as follows:

For the purposes of this title [15 U.S.C. §§ 1671 *et seq.*]:

>(a) The term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

>(b)The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

*Kokoszka v. Belford ("Kokoszka")*, 417 U.S. 642, 649 n.8, 94 S.Ct. 2431, 2435, L.Ed.2d (1974), *rehearing denied*, 419 U.S. 886, 95 S.Ct. 160, 42 L.Ed.2d 131 (1974).

In Montana, exemption statutes are to be liberally construed in favor of the claimant. *In re Schmitz*, 16 Mont. B.R. at 515; *In re Mackenzie*, 16 Mont. B.R. at 343; *Glass v. Hitt* (*In re Glass*), 60 F.3d 565, 570 (9th Cir. 1995). With such policy guidance, the Court turns to the Trustee's objection to Debtors' claim of exemption in accounts receivable.

*Kokoszka* addressed whether an income tax refund originating from income tax payments based on prepetition earnings were property of the estate and "earnings" as used in § 1672. 417 U.S. at 651. The United States Supreme Court noted the legislative history of the CCPA and its policy of limiting the garnishment of wages to preserve consumer debtors' employment and means of support, and prevent consumers from entering bankruptcy in the first place, and

5

agreed with the Court of Appeals' conclusion below as follows:

> The Court of Appeals held that the terms "earnings" and
> "disposable earnings," as used in 15 U.S.C. §§ 1672, 1673, did not
> include a tax refund, but were limited to "periodic payments of
> compensation and (do) not pertain to every asset that is traceable in
> some way to such compensation." 479 2d Cir. at 997. This view is
> fully supported by the legislative history. There is every indication
> that Congress, in an effort to avoid the necessity of bankruptcy,
> sought to regulate garnishment in its usual sense as a levy on
> periodic payments of compensation needed to support the wage
> earner and his family on a week-to-week, month-to-month basis.
> There is no indication, however, that Congress intended drastically
> to alter the delicate balance of a debtor's protections and
> obligations during the bankruptcy procedure. We therefore agree
> with the Court of Appeals that the [CCPA] does not restrict the
> right of the trustee to treat the income tax refund as property of the
> bankrupt's estate.

*Kokoszka v. Belford*, 417 U.S. at 651-52, 94 S.Ct. at 2436.

Accounts receivable constitute typical current assets, while wages are a
category of current liabilities along with accounts payable, taxes, rents, interest
payable and short term debt. *Verizon Communications, Inc. v. F.C.C.*, [535 U.S.
467, 485 n.7], 122 S.Ct. 1646, 1659 n.7, 152 L.Ed.2d 701 (2002). If an income
tax refund based upon prepetition earnings did not meet the *Kokoszka* test for
"earnings" under § 1672, this Court concludes that current assets such as
accounts receivable, and traceable proceeds therefrom, likewise fail to meet the
*Kokoszka* test for earnings under § 1672. Protection of Gamman's accounts
receivable, like a tax refund, would not further the Congressional policy of
preserving consumer debtors' employment and regulating garnishment of
compensation needed to support wage earners.

In [*In re Osworth ("Osworth")*, 234 B.R. 497, 499-500 (9th Cir. BAP
1999)], the Ninth Circuit BAP reversed a bankruptcy court's conclusion that
"earnings" under Oregon's garnishment statute did not require the existence of an
employer-employee relationship where the debtors were self-employed real estate
agents seeking to exempt an account receivable for a commission as earnings.
The BAP cited *Kokoszka* and *Usery v. First Nat. Bank of Arizona ("Usery")*, 586
F.2d 107, 110 (9th Cir. 1978), and held that Oregon's limited definition of
"employer" and prohibition against discharge for the reason of garnishment of
earnings served such a limited purpose that it was unwilling to construe the
earnings exemption so broadly as to encompass an account receivable due the

6

debtors. *Osworth*, 234 B.R. at 499. The BAP quoted *Usery* that the CCPA was limited in its application "to employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)". *Osworth*, 234 B.R. at 499, quoting *Usery*, 586 F.2d at 110. The BAP concluded that the employment relationship must have the quality of an employer-employee relationship, even if the employee might be considered an independent contractor for other purposes. 234 B.R. at 499-500.

Montana has a similar but not identical prohibition against discharge because of garnishment against the wages of an employee, but its prohibition is not located within Montana's garnishment statute as in Oregon. Mont. Code Ann. § 39-2-302 ("No employer shall discharge or lay off an employee because of attachment or garnishment served on the employer against the wages of an employee."). More important, Montana's definitions of "employee" under its "Workforce Drug and Alcohol Testing Act" (Mont. Code Ann. § 39-2-205 through 39-2-211) and "Wrongful Discharge from Employment Act" (Mont. Code Ann. § 39-2-901 through 39-2-915) specifically exclude independent contractors from their definitions of "employee", thereby showing an even more limited definition in Montana than Oregon's law as construed in *Osworth*. *See,* Mont. Code Ann. § 39-2-206(4) ("'Employee' . . . does not include an independent contractor"; and Mont. Code Ann. § 39-2-903(3) ("'Employee' means a person who works for another for hire. The term does not include an independent contractor.").

The Debtors admit that Gamman is a self-employed chiropractor. The Court finds that he is not an employee of any of his patients which owe him the fees for his chiropractic services which comprise his accounts receivable. Based upon Montana's limited definition of employer and employee, and Montana's utilization of the federal definition of "earnings" under § 1672 as construed in *Osworth* and *Kokoszka*, this Court holds that, notwithstanding liberal construction of Montana exemption law, Debtors' accounts receivable do not fit within the exemption limitation of "periodic payments of compensation", since "earnings" do "not pertain to every asset that is traceable in some way to such compensation." *Kokoszka*, 417 U.S. at 642. Accordingly, the Court concludes the Trustee has satisfied his burden of proof under Rule 4003(c) that Debtors' claimed exemption in accounts receivable should not be allowed under the "earnings" exemption. This result comports with the law in other circuits.

In *In re Welty*, 217 B.R. 907, 910-11 (Bankr. D. Wyo. 1998), the bankruptcy court sustained the trustee's objection to a claimed exemption in accounts receivable as earnings. Construing Wyoming law, the court held that business accounts receivables, profits and business earnings are not exempt from a chapter 13 estate as disposable earnings. 217 B.R. at 911; *see also In re*

> *Trudeau*, 237 B.R. 803, 806 (10th Cir. BAP 1999).  These cases follow the
> holding of *Kokozka* that the "or otherwise" language in the wage garnishment
> statute is similarly restricted to periodic payments of compensation for personal
> services and may not be extended to every type of benefit or payment related to
> those wages.  *In re Carbaugh*, 278 B.R. 512, 524 (10th Cir. BAP 2002) (quoting
> *Kokoszka*, 417 U.S. at 651).
>
> * * * *
>
> Other cases following the opposing line of authority allowing the earnings
> exemption for non-employees rely principally upon specific state laws defining
> "earnings" which do not distinguish employees from independent contractors.
> *See, Matter of Sexton*, 140 B.R. 742, 743 (Bankr. S.D. Iowa 1992); and *In re
> Duncan*, 140 B.R. 210, 212-13 (Bankr. E.D. Tenn. 1992) (construing
> Tennessee's earning statute).  Montana has a more limited definition of
> "employee" than Iowa or Tennessee which, as discussed above, specifically
> omits independent contractors.  Further, Montana uses the definition of
> "earnings" under federal law, 15 U.S.C. § 1672 as construed by the U.S.
> Supreme Court in *Kokoszka*.

*Gamman*, 20 Mont. B.R. at 39-44.

The extended quote above from *Gamman* resolves several disputed issues.  First, the

exemption is determined as of the petition date.  20 Mont. B.R. at 39; *Reaves*, 256 B.R. at 311;

*Smith*, 14 Mont. B.R. at 224.  On the petition date the Debtor was owed $3,900, and he did not

collect it until after the date of filing of petition.  This Court held in *Gamman* that accounts

receivable and traceable assets therefrom fail to meet the *Kokoszka* test for earnings under §

1672.  20 Mont. B.R. at 41.  This Court reasoned:  "Protection of Gamman's accounts receivable,

like a tax refund, would not further the Congressional policy of preserving consumer debtors

employment and regulating garnishment of compensation needed to support wage earners."  *Id.*

Debtor insists that the $3,900 monthly payment was akin to wages and that his client was

his employer.  Debtor's tax returns for 2008, 2009, 2010, and 2011, all contradict that.  Ex. A, B,

C, and D all list nothing at line 7 of Form 1040 calling for "Wages, salaries, tips, etc.  Attach

8

Form(s) W-2." Debtor's tax returns lack any W-2s. They do show business income from the Debtor's own business, JEM Construction. His tax returns include completed Schedule SE ("Self-Employment Tax"), and Form 4562 (Depreciation and Amortization). Ex. A includes a Statement 1 (Wage Schedule) which list "0" in wages, and no federal withholding, FICA, Medicare, or state and local withholding. Debtor's tax returns are signed under penalty of perjury, yet Debtor comes before this Court and argues that he is an employee of an employer who pays him each month, but fails to withhold anything to satisfy state and federal tax obligations. The Court is not persuaded.

Under Montana law "employee" means a person who works for another for hire, and the term does not include an independent contractor. MCA § 39-2-903(3); *Gamman*, 20 Mont. B.R. at 42. The Court finds that the Debtor is in independent contractor and self employed, as he repeatedly represents himself in his signed tax returns. Based upon Montana's limited definition of employer and employee, and Montana's utilization of the federal definition of "earnings" under § 1672 as construed in *Osworth* and *Kokoszka*, this Court holds that, notwithstanding liberal construction of Montana exemption law, Debtor's account receivable does not fit within the exemption limitation of "periodic payments of compensation", since "earnings" do "not pertain to every asset that is traceable in some way to such compensation." *Kokoszka*, 417 U.S. at 642; *Gamman*, 20 Mont. B.R. at 43. Accordingly, the Court concludes the Trustee has satisfied her burden of proof under Rule 4003(c) that Debtor's claimed exemption in the $3,900 account receivable on the petition date should not be allowed under the "earnings" exemption of § 25-13-614.

**IT IS ORDERED** a separate Order shall be entered sustaining the Trustee's Objection

9

(Dkt. 28) filed on October 18, 2012, and disallowing the Debtor's claimed exemption in "Debtor's prepetition earnings from March 1, 2012 to date of Ch. 7 filing, March 30, 2012 (=64.52% of $3900 March earnings, received after 4/1/2012)" in the amount of $2,516.13 claimed exempt under MCA § 25-13-614(2)(b).

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

10